The opinion of the court was delivered by

Mr. Justice Johnson.

In the solution of the only question propounded in this case, it will be necessary to enquire, in the first place, into the character and nature of the interest which the plaintiff had in the pew. ■ By the act of incorporation of 1785, (3 Brevard, 148.) the church and all its appendages are vested in the vestry •and wardens; and the plaintiff derives his title to the use of the pew from a grant to his ancestor from the corporation.
Without entering into a minute analysis of this grant, it will he sufficient to remark, that it is evident from its tenor and nature, that the use was all that was intended to be conveyed, and the plaintiff claims no more. His interest, therefore, falls clearly within the class which are denominated incorporeal hereditaments. These are defined to be “ a right issuing out of a thing corporate, or concerning, or annexed to, or exercisable with the same.” Their existence is merely in idea and abstract contemplation (Jacob’s Law Dictionary, title Heredi-taments.) The absence of a substantial, tangible existence, is amongst the peculiarities of this estate. They elude our corporeal senses, and Tike the cardinal virtues, they exist, but are *124 Tiot to be seen or handled. The authorities quoted in aigument are perfectly satisfactory on this subject.
Having thus ascertained the nature and properties of the interest which the plaintiff has in the subject of the action, I will now proceed to enquire whether the. action of trespass ti et armis, is applicable to the injury- complained of. The action o( trespass vi et armis, ex vi termini, can only7 lie where force has been used in the act from which the injury resulted, and it follows as a necessary consequence, that the plaintiff must be in possession, either actually or constructively, to be immediately7 affcctcu by the force used to the thing acted upon; for it must be immediately connected with him, or the force employed does not reach him: Leame, vs. Bray, 3 East. 593; Reynolds, vs. Clarke, 2 La. Raymond, 1399; Green, vs. Goddard, 2 Salb, 641. If we test the aptitude of this remedy7 to the injury complained oí, it will clearly follow that it has been misconceived. The thing, acted upon (the plaintiff’s right to the use of the pew) had no actual substantial existence; it was incapable of manual possession; and physical force could not be applied to it: the injury-wanted, therefore, both the ingredients, possession in the plaintiff, and force by the defendant, necessary to sustain tiie action of trespass vi et armis. It is equally clear, I think, that the plaintiff’s remedy was by an action on the case. This remedy is expressly7 provided for the numerous class of cases which do not fall within the preceding rule, and lies in all cases where the injury results not from force immediately applied, but where it is consequential; and within this class, arc expressly included injuries to incorporeal rights; 3 Blac. Com. 122-3: Stocks, vs. Booth, 1 Term Rep. 428.
It has been stated, that the declaration in this case; in every respect,-except the use. of the words, “with force and arms,” is in case; and it becomes a question of some .consequence how far ‘they ought to be allowed to affect it after verdict. I am unable to discover that the defendant was deprived of any advantage by the use of these words in the declaration; the case was fully stated and the same proof was required of the plaintiff as if they had been omitted; the defendant’s plea and defence were the same; and the most that can be said of them is, that they were idle surplusage, inapplicable and unmeaning, as applied *125 to the case stated ou the record. It was a subject to which, as has been shewn, force could not be applied; and it is within the rules of practice to reject as surplusage, useless and irrelevant matter. It may be said that these terms possess technical and intrinsic meaning; as distinguishing between the different forms of action, and cannot be regarded as unmeaning. 1 admit that, connected with their subject matter, they are of great importance, but it would be a folly to apply them to subjects to which thej- have no relation, as when they are applied to the the publication of slander and other things of the same nature, and equally so when applied to the case under consideration. It A not denied that the defendant has a right, in respect to form as well as substance, to have a declaration free from exception, before he can be compelled to answer or plead to the merits; but he may, if he thinks proper, waive this privilege; and docs so, in many cases, by pleading to the merits. The only mode of talcing advantage of these omissions is by special demurrer, or ou a motion fo a non-suit, as circumstances' may justify. Here the objection is rather to the form than the substance; and according to settled rule, the objection comes too late after verdict. This view of the subject puts the case on the footing of' an action on the case, and it maj- become a question whether the verdict found by the jury will entitle the plaintiff to hi$ posts, bat it is unnecessary now to consider it.
Gaclsen, for the motion.
Hunt, contra.
Motion refused.
Gantt, Bay, JYoti, Colcock, Huger, justices, concurred-